IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL MATTOX,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:20-cv-02801-MSN-atc |
| | ) |
| **COMMISSIONER OF INTERNAL** | ) |
| **REVENUE SERVICE,** | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On November 5, 2020, Plaintiff Michael Mattox filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1]  (ECF Nos. 1 & 2.)  Based on the reasons below, it is recommended that the motion for leave to proceed *in forma pauperis* be denied.

Federal law provides that the Clerk of each district court shall require parties instituting any civil action, suit, or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $400.[2]  28 U.S.C. § 1914(a).  To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit.  Under that section, the court must conduct a satisfactory

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350.  However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."  The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

This court has previously identified Mr. Mattox as a frequent filer of patently meritless lawsuits. *Mattox v. All Judges Under United States of America, Inc.*, 2:19-cv-02542-MSN-dkv, ECF No. 6, at 1–2 (W.D. Tenn. Oct. 11, 2019). Accordingly, District Judge Mark S. Norris entered an Order placing pre-filing restrictions on Mr. Mattox. *Id.* at 2. Pursuant to that Order, "Mattox shall pay the full civil filing fee before being allowed to commence any other lawsuit in this district." *Id.*

It is therefore recommended that Mr. Mattox's motion for leave to proceed *in forma pauperis* be denied with prejudice and that, should the presiding district judge adopt this recommendation, Mr. Mattox be required to pay the full $402.00 civil filing fee within fourteen (14) days from that order. It is further recommended that, should Mr. Mattox fail to pay the filing fee within fourteen days, his complaint be dismissed without further notice.

Respectfully submitted this 9th day of February, 2021.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.