IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MICHAEL MATTOX,

    Plaintiff,

v.                                          Case No. 2:20-cv-2801-MSN-atc

COMMISSIONER OF INTERNAL
REVENUE SERVICE,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This cause comes before the Court on the Magistrate Judge's Report and Recommendation, (ECF No. 7), issued on February 9, 2021. The Report recommends that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied. (*Id.* at PageID 39.) Plaintiff timely filed his objections to the Report and Recommendation on February 24, 2021.[1] (ECF Nos. 8, 9.) For the reasons below, the Court **ADOPTS** the Report and Recommendation and **OVERRULES** Plaintiff's objections. Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **DENIED**.

**Background**

On November 5, 2020, Plaintiff filed his *pro se* Complaint against the Commissioner of the Internal Revenue Service. (ECF No. 1.) Plaintiff generally alleges that the Defendant violated

---

     1. Although technically Plaintiff filed his objections outside the fourteen-day (14) window as established in the Magistrate Judge's Report, (see ECF No. 7 at PageID 40), the Federal Rules of Civil Procedure grant Plaintiff an additional three (3) days because Plaintiff receives filings via physical mail.  *See* Fed. R. Civ. P. 6(d).

1

his constitutional rights. (*Id.* at PageID 1.) Among other things, his Complaint requests that his son be made President of the United States, and that he be awarded $1,000,000,000,000,000 in punitive damages. (*Id.*) The same day he filed his Complaint, Plaintiff also filed his pending Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2.)

In a prior matter, this Court identified Plaintiff as a "frequent filer of patently meritless lawsuits." *See Mattox v. All Judges Under United States of America*, 2:19-cv-02542-MSN-dkv, ECF No. 6, at 1–2 (W.D. Tenn. Oct. 11, 2019). As a consequence, this Court placed pre-filing restrictions on Plaintiff. *Id.* Accordingly, Plaintiff must pay the full civil filing fee before commencing suit in this district. *Id.*

Relying on the Court's prior order, the Magistrate Judge issued her Report recommending that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied and that Plaintiff be required to pay the full civil filing fee before proceeding in this matter. (ECF No. 7 at PageID 40.) Plaintiff timely filed his objections on February 24, 2021. (ECF No. 9.)

## Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no

objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **Analysis**

Admittedly, Plaintiff's objections to the Report's recommendation are hard to follow. Nonetheless, his objections miss the point. As the Report notes, Plaintiff is a frequent filer of meritless lawsuits and that pre-filing restrictions have been placed on him.[2] (ECF No. 7 at PageID 40.) Plaintiff's objection does not contest the validity of this pre-filing restriction. Instead, Plaintiff

---

2. Since January 1, 2019, Plaintiff has commenced at least eleven (11) civil suits in this district. *See Mattox v. All Judges Under United States of America¸* 2:19-cv-02542-MSN-dkv, ECF No. 5, at 8 n. 5 (W.D. Tenn. Sept. 23, 2019) (listing cases).

3

seems to suggest that he should be able to proceed because he has a meritorious case. (ECF No. 9 at PageID 45.) The Court takes no position on the merits of Plaintiff's case at this juncture. The Court can make that determination after Plaintiff has paid the full civil filing fee in this matter.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** Plaintiff's objection. Plaintiff shall pay the full civil filing fee of $402 within fourteen (14) days of entry of this Order. Failure to do so will result in this matter being dismissed without further notice.

**IT IS SO ORDERED**, this 22nd day of March, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE